United States District Court
Southern District of Texas
**ENTERED**
August 15, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| NURBOLOT MISIRBEKOV, § <br> "Petitioner," § <br> § <br> v. § <br> § Civil Action No. 1:25-cv-00168 <br> FRANK VENEGAS, et al., § <br> "Respondents." § | |

## ORDER

Before the Court is Petitioner's "Motion to Extend Temporary Restraining Order" (Dkt. No. 7) ("Motion"). For these reasons, Petitioner's Motion (Dkt. No. 7) is **GRANTED**.

### I.   BACKGROUND

Petitioner is a political refugee from Kyrgyzstan who, if returned, faces political persecution, torture, and death. Dkt. No. 2 at 1. As such, Petitioner has been granted withholding of removal under INA § 241(b)(3) and cannot legally be deported to Kyrgyzstan. *Id.*; Dkt. No. 1-4. That decision was made final on January 30, 2025. *Id.*; Dkt. No. 3 at 3.

Petitioner has now been detained six months since the order granting withholding of removal became final and has filed a writ of habeas corpus requesting his release under 8 U.S.C. § 1231. *Id*. That said, Petitioner fears that he will be removed to a third country, without due process, before this Court has an opportunity to rule on his petition. Dkt. No. 2 at 1. As such, Petitioner seeks a temporary restraining order enjoining Defendants from transferring, relocating, or removing Petitioner outside the Southern District of Texas without an Order from the Court. *Id.* at 2.

### II.   LEGAL STANDARD

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis*., LLC, 710 F.3d 579, 582 (5th Cir. 2013).

An alien's post-removal-period detention under 8 U.S.C. § 1231 is limited to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has found that once the removal period begins, six months is a reasonably necessary period to remove the alien. See *id.* at 701. After six months, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id*. Regardless of whether removal is foreseeable, detention would still be appropriate where there is clear and convincing evidence that the alien poses a danger to the community. *Id.* at 691.

### III. DISCUSSION

Petitioner is likely to be successful on the merits of his habeas corpus petition. It has been more than six months since the removal period began on January 30, 2025. Petitioner has also provided good reason to believe that there is no significant likelihood of removal in the foreseeable future. He cannot be removed to Kyrgyzstan without facing political persecution and he does not have citizenship nor any ties to any other country. Dkt. No. 1 at 12. Also, attempts to remove Petitioner to third countries are likely to fail since such action would likely result in him being extradited to Kyrgyzstan and facing political persecution.

Also, there is no evidence that Petitioner is a danger to the community or a flight risk. Petitioner does not have a criminal record. *Id*. at 2. And, Petitioner has submitted declarations from his U.S. Citizen sponsor, Dr. Rudy Alvarez, ensuring that he will have housing and means to appear for any necessary hearings or appointments. *Id*. These factors support granting supervised release rather than indefinite detention.

Petitioner would suffer irreparable harm if Respondents were allowed to transfer, relocate or remove Petitioner from this Court's jurisdiction. Petitioner would lose the opportunity for his petition to be heard and, considering the procedures outlined in DHS' March Guidance, likely face extradition to Kyrgyzstan, political persecution, torture, and death.[1]

The balance of equities and public interest favor Petitioner. In comparison to the persecution Petitioner would face, Respondent would suffer little to no harm if Petitioner's Motion

---

[1] On March 30, 2025, DHS issued updated guidance on third-country removals, dictating that noncitizens can be removed to a third country without notice if the United States has received assurances from that country that aliens removed from the United States will not be persecuted or tortured. Dkt. No. 3 at 4.

were granted. Respondent would merely be required to obtain an Order from this Court before transferring, relocating, or removing Petitioner from this Court's jurisdiction. Finally, it is in the public interest to prevent aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm." *Nken v. Holder*, 556 U.S. 418, 436 (2009).

### IV.   CONCLUSION

For these reasons, Petitioner's Motion (Dkt. No. 7) is **GRANTED**. It is hereby **ORDERED** that:

1. Respondents are enjoined from transferring, relocating, or removing Petitioner outside the Southern District of Texas without an Order from the Court.
2. This Temporary Restraining Order shall expire at 5:00 p.m. (Central time) on Friday, August 29, 2025, or by Order of the Court.
3. Counsel shall serve a copy of this Order on the United States Attorney's Office for the Southern District of Texas via e-mail and shall file a certificate of service no later than 5:00 p.m. (Central time).

Signed on  August 15, 2025.

_____
Rolando Olvera
United States District Judge