UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NURBOLOT MISIRBEKOV, "Petitioner," | § § § | |
| v. | § § | Civil Action No. 1:25-cv-00168 |
| FRANK VENEGAS, et al., "Respondents." | § § § § | |

## ORDER

Before the Court is Petitioner's "Verified Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Respondents' "Response to Petitioner's Writ of Habeas Corpus" (Dkt. No. 10) ("Response"), and Petitioner's "Reply in Support of Verified Petition for Writ of Habeas Corpus" (Dkt. No. 11) ("Reply"). For these reasons, Petitioner's Petition (Dkt. No. 1) is **GRANTED** conditionally.

### I.     BACKGROUND

Petitioner is a political refugee from Kyrgyzstan who, if returned, faces political persecution, torture, and death. Dkt. No. 1 at 5. As such, Petitioner has been granted withholding of removal under INA § 241(b)(3) and cannot legally be deported to Kyrgyzstan. *Id.*; Dkt. No. 1-4. Petitioner has been detained six months since the order granting withholding of removal became final on January 30, 2025. Dkt. No. 1 at 7.

During these six months, Respondents have attempted to remove Petitioner to Russia, Costa Rica, and Mexico. Dkt. No. 10-1. They have also coordinated with the Asia/Europe Removal Management Division ("AE Division") as part of their removal efforts. *Id.* Russia and Mexico have not yet responded, and Costa Rica has denied acceptance of Petitioner. *Id.* But, the efforts made to remove Petitioner through the AE Division show promise. *Id.* The AE Division has been responsive to Respondents' communications and received Petitioner's travel documents three months ago. *Id.*

Petitioner alleges that there is not a significant likelihood of removal in the reasonably foreseeable future and that he should be released under the Supreme Court's ruling in *Zadvydas*

regarding 8 U.S.C. § 1231. *Id.* at 17. Alternatively, Petitioner seeks a review of Petitioner's custody under the standards set forth in 8 C.F.R. § 241.4 and his release under that standard, if appropriate. *Id.*

## II.    LEGAL STANDARD

An alien's post-removal-period detention under 8 U.S.C. § 1231 is limited to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Supreme Court has found that, once the removal period begins, six months is a presumptively reasonable period to remove the alien. *Id.* at 701. That does not mean that every alien not removed must be released after six months. *Id.*

An alien may be held in confinement until there is no significant likelihood of removal in the foreseeable future. *Id.* To be released, the alien must first provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Once provided, the Government must respond with evidence sufficient to rebut that showing. *Id.* This is a fact-intensive inquiry in which the likelihood of release in the foreseeable future shrinks as the post-removal period grows. *Id.* In evaluating the evidence, great deference should be paid to the Executive Branch's expertise in foreign policy. *Id.*

## III.    DISCUSSION

Petitioner's belief that his removal is unlikely has three premises: (1) by law, he cannot be deported to Kyrgyztan because he was granted an order withholding removal; (2) he does not have citizenship or ties to any other country; and (3) Respondents' efforts to remove him have been unsuccessful. Dkt. No. 1 at 12. Petitioner's circumstances do not present any unique barriers to removal in the foreseeable future but resemble that of many aliens currently in custody under INA § 241(b)(3).

Also, based on Respondents' efforts and communications with the AE Division, removal to a third country is likely in the foreseeable future. See Dkt. No. 10-1. While the waiting period for the third country's decision may seem long, this Court defers to Respondents' expertise in these matters and has no reason to believe that these efforts will be unsuccessful. Under the current circumstances, requiring the release of Petitioner would amount to requiring the removal or release of *all* aliens granted withholding under INA § 241(b)(3) within six months.

While it is premature to release Petitioner under *Zadvydas*, it may be appropriate to release him to maintain his procedural due process rights. Petitioner is entitled to regular custody reviews under 8 C.F.R. § 241.4. Respondents admit that Petitioner's 90-day custody review was late, and that his 180-day custody review is still in progress. Dkt. No. 10-1. Respondents also do not rebut the assertion that the reasons contained in the 90-day review were boilerplate and pretextual.

Detention beyond the removal period may be maintained only upon compliance with applicable process. *Bonitto v. Bureau of Immigration & Customs Enforcement*, 547 F. Supp. 747, 756 (S.D. Tex. Apr. 2, 2008) (Conditionally granting habeas corpus where post-removal custody review procedures were not followed). The review process contemplated by the regulations is a meaningful individualized review, as the interest involved is the "most elemental of liberty interests — the interest in being free from physical detention." *Id.* (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). at 758. The record shows that Petitioner has not been afforded this process.

## IV.   CONCLUSION

Petitioner's claim under *Zadvydas* fails. But, by failing to afford Petitioner the required custody reviews, Respondents have failed to provide Petitioner with the procedural safeguards contained in the regulations implementing 8 U.S.C. § 1231. Respondents cannot constitutionally detain Petitioner without complying with these safeguards, regardless of whether Petitioner qualifies for release under *Zadvydas*.

*Zadvydas* allows DHS to continue detaining an alien after the expiration of the removal period until there is no significant likelihood of removal in the reasonably foreseeable future. That said, the determination required by *Zadvydas* cannot be made if DHS fails to conduct hearings to make such determinations and fails to provide aliens with the procedures due to them under regulations. Petitioner's detention violates his procedural due process rights under the Constitution of the United States. Accordingly, his petition for writ of habeas corpus is **GRANTED** conditionally.

Respondents are afforded a period of sixty days within which to provide Petitioner a meaningful post-removal custody review, as contemplated in 8 C.F.R. § 241.4. If such process is not provided, the Petitioner is to be released unless his removal has been carried out by that time.

Respondents shall file a status report to the Court no later than October 24, 2025, that shall include copies of all administrative records used in the review process under the applicable regulations.

Signed on this 25th day of August 2025.

_____
Rolando Olvera
United States District Judge