Case 1:25-cv-00168   Document 17   Filed on 10/29/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 29, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| NURBOLOT MISIRBEKOV, <br> "Petitioner," <br><br> v. <br><br> FRANK VENEGAS, et al., <br> "Respondents." | § <br> § <br> § <br> § <br> § Civil Action No. 1:25-cv-00168 <br> § <br> § <br> § |

<u>**ORDER**</u>

Before the Court is Respondents' "Status Report" (Dkt. Nos. 14 & 15) ("Status Report") and Petitioner's "Response to Respondents' Status Report" (Dkt. No. 16). For these reasons, Petitioner's Petition (Dkt. No. 1) is **GRANTED**.

**I.   BACKGROUND**

Petitioner is a political refugee from Kyrgyzstan who, if returned, faces political persecution, torture, and death. Dkt. No. 1 at 5. As such, Petitioner has been granted withholding of removal under INA § 241(b)(3) and cannot legally be deported to Kyrgyzstan. *Id.*; Dkt. No. 1-4. Petitioner has been detained nine months since the order granting withholding of removal became final on January 30, 2025. Dkt. No. 1 at 7.

During these nine months, Respondents have attempted to remove Petitioner to Russia, Costa Rica, and Mexico. Dkt. No. 10-1. They have also coordinated with the Asia/Europe Removal Management Division ("AE Division") as part of their removal efforts. *Id.* Russia and Mexico have not yet responded, and Costa Rica has denied acceptance of Petitioner. *Id.* Also, there has been no response from the AE Division in the past five months. *Id.*

Two months ago, this Court found that it was premature to release Petitioner under *Zadvydas*. Dkt. No. 12. But it also found that this Court's ability to properly evaluate Petitioner's case under *Zadvydas* was handicapped by Respondents' failure to conduct a meaningful custody review. *Id.* As such, this Court ordered Respondents to conduct a meaningful post-removal custody review, as contemplated in 8 C.F.R. § 241.4 or remove Petitioner within 60 days. *Id.* Respondents were warned that failure to comply with this Court's Order would result in Petitioner's release. *Id.*

1

## II.  LEGAL STANDARD

### A. THE 90-DAY POST-ORDER CUSTODY REVIEW ("POCR")

After the Supreme Court decided *Zadvydas*, the Department of Homeland Security ("DHS") promulgated regulations to implement the newly established constitutional constraints. See 8 C.F.R. § 241.4; 66 Fed. Reg. 56967, 56969 (Nov. 21, 2001) (explaining the *Zadvydas* decision and stating that the new regulations were issued to provide a process for DHS to determine whether there is a significant likelihood of removal in the reasonably foreseeable future).[1] Under the regulations, the DHS district director is required to conduct a POCR before the 90-day removal period expires if the alien's removal cannot be accomplished during the removal period. See 8 C.F.R. § 241.4(k)(1)(i). In conducting the POCR, officials must review the alien's records and all documents submitted by the alien and must inform the alien of the decision. See 8 C.F.R. § 241.4(h)(1).

The 90-day POCR essentially considers three criteria: (1) flight risk; (2) danger to the community; and (3) likelihood of obtaining travel documents. See 8 C.F.R. § 241.4(e)&(f). The DHS district director or Director of the Detention and Removal Field Office decides whether the alien is released from custody or continued in detention pending removal or further review of his or her custody status. 8 C.F.R. § 241.4(k)(1)(i).

### B. THE 180-DAY POCR

If the alien is not released or removed at the time of the initial POCR and has cooperated with the removal process, he must receive a second review three months later, or after 180 days have passed from the date the removal period began. 8 C.F.R. § 241.4(k)(2)(ii). The 180-day review is conducted by the Headquarters Post-Order Detention Unit ("HQPDU") and considers whether there is a significant likelihood of removal in the reasonably foreseeable future. See 8 C.F.R. § 241.13. If an alien is unlikely to be removed in the reasonably foreseeable future, he may still be detained if the alien meets one of four "special circumstance" criteria. See 8 C.F.R. § 241.14. The 180-day determination looks at whether it is reasonable to believe that travel documents can be obtained, given the federal government's efforts, the receiving country's

---

[1] This case is remarkably like *Bonitto v. Bureau of Immigration & Customs Enf't*, 547 F. Supp. 747, 756 (S.D. Tex. Apr. 2, 2008). This Court finds *Bonitto* to be well-reasoned and adopts and applies its reasoning to this case. As such, much of this opinion directly quotes *Bonitto*.

willingness to facilitate the process, and other factors. See 8 C.F.R. § 241.4(e)&(f). There is no time-period for removal when the DHS is attempting to remove the alien, but the government's prospects for a timely removal must be reasonable under the circumstances to continue detention beyond 180-days.

If the HQPDU determines that removal is not likely in the foreseeable future, the alien must be released unless his continued detention is justified by a special circumstance. A court-granted stay of removal or an alien's failure to comply with removal efforts can extend detention indefinitely and remove an alien from the POCR review process.

### C. JUDICIAL REVIEW OF EXECUTIVE AGENCY NON-COMPLIANCE WITH ADMINISTRATIVE REGULATIONS UNDER THE DUE PROCESS CLAUSE

The Fifth Circuit has held that it is a denial of procedural due process for any government agency to fail to follow its own regulations providing procedural safeguards to persons involved in adjudicative processes before it. *Gov't of Canal Zone v. Brooks*, 427 F.2d 346, 347 (5th Cir. 1970). Where individual interests are implicated, the Due Process clause requires that an executive agency adhere to the standards by which it professes its action to be judged. *Vitarelli v. Seaton*, 359 U.S. 535, 546 (1959).

The regulations involved here do not merely facilitate internal agency housekeeping but afford important and imperative procedural safeguards to detainees. See *United States v. Caceres*, 440 U.S. 741, 760 (1979). This Court must insist on DHS's compliance with the post-order custody regulations if Petitioner's detention is to remain constitutional. *Id.* (noting that the Supreme Court has insisted on forcing agency compliance with their own regulations when the regulations afford individual rights and protections).

### III. DISCUSSION

This Court found in its previous Order (Dkt. No. 12) that Respondents had failed to meet their own custody-review procedures. Dkt. No. 12. Specifically, the Court found that the 90-day POCR was late and violated 8 C.F.R. § 241.4. *Id.* The Court also found that the 180-day POCR had not been conducted at all. *Id.* As such, this Court ordered Respondents to conduct the 180-day POCR within 60 days or remove Petitioner. *Id.*

Respondents' Status Report reveals that no effort was made to comply with this Court's Order (Dkt. No. 12). Nor has any progress been made to remove Petitioner. Respondents allege that they completed both the 90-day POCR and 180-day POCR. Dkt. No. 14 at 1-2. But, upon review of Respondents' exhibits, the only review completed was the 90-day POCR this Court previously held was inadequate. See Dkt. No. 15-2.

Respondents failed to follow their own regulations and this Court's Order (Dkt. No. 12); this violates Petitioner's procedural due process rights. This violation, along with the lack of progress in removing Petitioner makes removal unlikely in the foreseeable future. As such, Petitioner's release is proper under both *Zadvydas* and the Fifth Amendment. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### IV. CONCLUSION

For these reasons, Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED**. It is **ORDERED** that Petitioner be released from confinement subject to supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. Respondents are **ORDERED** to file a status report confirming Petitioner's release within 7 days of this Order.

Signed on this 29th day of October 2025.

Rolando Olvera
United States District Judge